R. WAND v. R. D. NICHOLL.

[Abstract Kentucky Law Reporter, Vol. 4—617, as Wand v. Nicoll.]

**Partition by Agreement.**
> Where two persons own land as tenants in common, a partition by agreement is only effective when the agreement is sanctioned by both; and a partition will not be enforced which is unfair and where it is not shown that both of the parties have fully agreed to the division.

## APPEAL FROM SIMPSON CIRCUIT COURT.

January 11, 1883.

OPINION BY JUDGE LEWIS:

Even if the dividing lines between Barnett and appellant had been definitely and properly established and fixed, it does not appear that she either understood or agreed to the division. In fact, appellant seems to have been almost entirely ignored throughout the transaction. According to the evidence of Barnett, the other joint owner of the land, the division was made upon his own motion. He neither consulted nor procured the consent of the appellant because, according to his arbitrary interpretation of the deed, he considered himself entitled to one-half the number of acres regardless of value, and, as it seems from the plat, alike regardless of the number or courses of the lines and of the shape and location of the two lots.

Appellant is shown to have been at the time of the division a feeble old woman in both body and mind, and according to her testimony, which is not contradicted, she never was consulted at any time as to how the land should be divided. She did not know while the division was being made how the lines were run, nor did she even know exactly how they had been run when her deposition was taken.

The most essential and indispensable element of a contract seems to be absent from the parol agreement sought to be enforced by appellee, for she swears she never at any time consented to the division as made, or said or did anything to induce the belief on the part of any person that she either understood or agreed to the division, and there is nothing in the record to show that she did. It is true R. B. Hampton states that she sent for him, and that,

upon being told by him he would not consent to do anything unless she would agree to abide by what he did, she did agree to abide by any division he might make. But she denies she ever told him she would abide by his division of the land, and says expressly she had no agent and no one represented her in the division.

Even if the statement of Hampton be true she is not bound by his acts, for in the first place he assumed to act for Barnett as well as for appellant, and to answer to the sureties in the debt of Barnett for both. In the second place he, according to his own admission, exceeded the authority conferred upon him. All he had any authority to do, if appellant's authorized agent at all, was simply to make the division according to the rights of the joint owners under the deed. Instead of doing so he not only misconstrued the deed to the great injury of appellant but proposed that if the sureties of Barnett would give up their mortgage he would make appellant and Barnett make them a deed up to the division as they ran it or to any person they might direct. So Hampton, instead of acting solely for and in the interest of appellant in an agreement with Barnett, the joint owner of the land, undertook to act for both and to stipulate for both in an agreement with Barnett's sureties.

Appellant was entitled to a division according to the intention of the grantor as shown by the terms of the deed to her and Barnett, and, conceding Hampton's authority as agent to make such a division, he had no right to compromise or correct her rights with the debt due by Barnett, or to make the division dependent upon concessions made by the sureties of Barnett for his and their advantage.

It is satisfactorily shown that the part of the land allotted in the division to Barnett exceeds in value that allotted to appellant from $250 to $400, which, considering the actual value of the entire tract, is an excessive and unconscientious disparity. It is manifest the unequal division resulted from a misunderstanding of the deed in part, and to a disregard of both the rights and interests of appellant.

It would be going an unreasonable and dangerous length to enforce a parol agreement for the division of land made by a pretended agent who thus compromises the rights of his principal without her authority, especially when she has never been apprised

by such agent or any other person how or when the division lines have been run, or directly or indirectly agreed to such division.

The doctrine of estoppel does not apply in this case for manifest reasons. Appellant did not, previous to the purchase by appellee, agree to the division, did not know how it was made, nor did she do or say anything from which appellee might reasonably infer she had agreed to or acquiesced in the division after it was made. Besides, the deed made by the commissioner to appellee in the action to enforce the mortgage lien upon Barnett's portion of the land shows that appellee did not purchase the land according to the division sought in the present action, but what he did purchase and was actually conveyed to him was the undivided one-half of the tract of land. He now occupies the inconsistent and untenable position of seeking to recover of appellant different and more land than he purchased at commissioner's sale. Even Barnett, if his portion of the land had been unencumbered, could not in our opinion have enforced against the appellant the alleged parol agreement. The attitude of appellee is that of a bidder and purchaser at a judicial sale, seeking to recover of appellant land not sold or conveyed to him, and in virtue of a parol agreement that no other bidders at the sale were apprised of, or could have availed themselves of.

It is our opinion that the court below erred in adjudging that the division should stand as made and in directing a deed of partition to be made in pursuance of that division. Wherefore the judgment is reversed and cause remanded with directions to cancel the deed of partition and for further proceedings consistent with this opinion.

But as appellee is entitled to a division it may be had by the proper proceedings in this action. It was the manifest intention of the grantor that the division should be so made as to have the two lots as nearly equal in value as possible, and that while she desired each to have an equal number of acres of cleared and timbered land, and that one lot should be the most northern and the other the most southern half, that all other conditions should be modified when necessary to secure equality in value. The commissioners in making a division should take the land as it now is and divide it according to the above interpretation of the deed.

*Milliken & Bush,* for appellant.

*Geo. C. Harriss,* for appellee.